﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190327-6872
DATE: July 31, 2020

REMANDED

Entitlement to service connection for hearing loss is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from January 16 to February 2, 1976. 

The original rating decision underlying the present appeal was issued in July 2017 by a Department of Veterans Affairs (VA) Regional Office. The Veteran filed a legacy notice of disagreement (VA Form 21-0958) in August 2017, and a statement of the case was subsequently issued, followed by a timely substantive appeal. See 38 C.F.R. §§ 20.200, 20.201, 20.202, 20.302 (2018). In December 2018, he elected review in the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Following a denial on Higher Level review in February 2019, he timely appealed to the Board of Veterans’ Appeals (Board) in March 2019, selecting the Evidence Submission review option, which allowed him 90 days following receipt of his notice of disagreement to submit additional evidence. 38 C.F.R. § 20.202(b)(3).

For reasons set forth in correspondence to the Veteran in July 2020, his claims for service connection for hypertension, cirrhosis of the liver, and gout of both legs have been placed on the Board’s Hearing docket and will be the subject of a separate decision.

Entitlement to service connection for hearing loss is remanded.

Although the Board sincerely regrets the additional delay, a remand is necessary to ensure that there is a complete record upon which to decide the Veteran’s claim and to afford him every possible consideration.

In a March 2007 VA treatment record, it was noted that the Veteran’s wife had noticed some decreased hearing and that an audiology evaluation was recommended. It was noted that the Veteran would seek care in the private sector. 

The record does not contain any evidence of private treatment proximate to 2007. Because records of such treatment, if they exist, could bear on the outcome of the Veteran’s appeal, specific efforts should have been made to procure them. See, e.g., 38 C.F.R. § 3.159(e)(2) (if VA becomes aware of the existence of relevant records before deciding a claim, VA will, among other things, request that the claimant provide a release for the records). The failure to do so constitutes a pre-decisional duty to assist error. Additional development is required.

This matter is REMANDED for the following action:

Ask the Veteran to provide releases for relevant records any private treatment he may have received for hearing loss subsequent to March 2007. If he provides the necessary release(s), assist him in obtaining the records identified, following the procedures set forth in 38 C.F.R. § 3.159. Any new or additional (i.e., non-duplicative) evidence received should be associated with the record. If any of the records sought are not available, the record should be  

annotated to reflect that fact and the Veteran and his representative should be notified. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Smith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.